# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **02 C 6346** | **DATE** | March 4, 2003 |
| **CASE TITLE** | Louis W. Levit, as Trustee | v | Juergen Herbst, etal |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Memorandum opinion and order entered. Accordingly, the judgment of the bankruptcy court is reversed and remanded for a determination of the appropriate scope of the participation of Robert Thomas and the attendant hardship to the estate.**

(11) ☒ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| X | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

Document Number

number of notices

MAR 0 5 2003

docketing deputy initials

date mailed notice

mailing deputy initials

GDS — courtroom deputy's initials

CLERK U.S. DISTRICT COURT

03 MAR -4 PM 12: 53

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
THOMAS CONSOLIDATED INDUSTRIES, )
INC., )
)
        Debtor. )    No.   02 C 6346
)
———————————————— )
)    Judge Robert W. Gettleman
LOUIS W. LEVIT, as Trustee of the Estate of )
Thomas Consolidated Industries, Inc., )
)    Appeal from Case No. 99 B 13186
        Plaintiff-Appellant, )    Adversary Proceeding No. 01 A 00174
)    Hon. Bruce W. Black, Presiding
    v. )
)
JUERGEN HERBST, et al., )
)
        Defendants-Appellees. )

DOCKETED

MAR 0 5 2003

## MEMORANDUM OPINION AND ORDER

This matter is before the court on appeal from a dismissal for want of prosecution by the bankruptcy court. For the reasons stated herein, the judgment of the bankruptcy court is reversed and remanded for action consistent with this opinion.

## FACTS

On April 23, 1999, Thomas Consolidated Industries, Inc. ("TCI") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. On July 23, 1999, the Chapter 11 case was converted to a Chapter 7 case, and Louis W. Levit ("the Trustee") was appointed to serve as trustee the following day. After conversion, the bankruptcy case was dismissed on or about December 28, 1999, upon a finding of no assets by the Trustee.

Thereafter, the Trustee became aware of a pending chancery case involving fraud and contract claims brought by TCI and its principal, Robert Thomas ("Robert"), against Juergen Herbst

Trudy Herbst, Standard Die Mold of Palatine, Gerald I. McCullough, the Allen J. Herbst Trust, and the Erich F. Herbst Trust (together, the "Herbst defendants"), as well as Ed Cogana and Fred Pollak (together, the "Cogana defendants").

The pending chancery case was dismissed on May 11, 2000, for want of prosecution after counsel of record for TCI and Robert withdrew and no new attorney filed a supplemental appearance. Shortly thereafter, on May 25, 2000, Robert, who is a licensed attorney, sought to vacate the dismissal and enter his own appearance on behalf of himself and TCI. The court permitted Robert to appear on his own behalf. In light the Herbst defendants' contention that Robert would be a material witness on behalf of TCI at trial, however, the court asked the parties to brief whether Robert should be disqualified from representing TCI.

On August 4, 2000, after considering the motions and oral arguments of the parties relating to Robert's disqualification, the chancery court ruled that Robert could not appear on behalf of TCI, and ordered that TCI had thirty days to retain counsel. After TCI failed to retain counsel, the chancery court ordered that its previous dismissal of TCI's action should stand and declared TCI's motion to vacate a nullity.

In the meantime, on May 16, 2000, TCI's bankruptcy case was reopened. After the chancery case was dismissed for want of prosecution, the Trustee requested that Robert be permitted to prosecute the Herbst-Cogana litigation as an adversary proceeding in the bankruptcy court. With the bankruptcy court's approval, the estate brought the instant adversary action against the Herbst and Cogana defendants, with Robert acting as primary counsel for the estate.

After filing an amended complaint on June 6, 2001, the Cogana defendants filed a motion to strike the amended complaint or, in the alternative, to dismiss with prejudice. This motion was

adopted by the Herbst defendants, who also filed their own Fed. R. Civ. P. 12(b)(5) motion to dismiss for insufficient service of process. The Herbst defendants' 12(b)(5) motion was granted, after which the estate filed a second amended complaint. Shortly thereafter, the Herbst defendants filed a motion to disqualify Robert from representing the estate on the basis of Ill. R. Prof. Conduct 3.7, which was granted by the bankruptcy court on February 26, 2002. According to the bankruptcy judge:

> I think it's clear that [Robert] is pursuing this matter more as a party than as an objective attorney, and that's probably not in the best interest of the lawsuit and all the people involved. And I will give the trustee 30 days in which he can try to find another attorney besides his own firm to proceed in this matter. After that, I would expect things to go forward either on a motion to dismiss or with the trustee's office saying they want to carry the ball.

On March 11, 2002, the Trustee filed a motion to reconsider Robert's disqualification, which was denied on March 20, 2002. The Trustee filed a notice of appeal on April 2, 2002; that appeal was subsequently dismissed because the disqualification order, by itself, was not a final judgment or collateral order subject to immediate appeal.

On August 19, 2002, the Trustee filed a motion before the bankruptcy court to modify the disqualification order, asserting that Local Rule of Professional Conduct 83.53.7 of the Northern District of Illinois ("LR83.53.7") bars a testifying attorney only from acting as an advocate at trial or in evidentiary proceedings, rather than at all phases of the trial.[1] At an August 19, 2002, status hearing, counsel for the Herbst defendants' stated:

> [T]he Trustee has waived the right to raise this local rule because it was not presented in response to any of the motions except for the motion presented before the district court which, again, was denied. Also, as a side note, the Illinois Rules of Professional Conduct preclude both [Robert] and the trustee from requesting that this court modify the order to

---

[1]LR83.53.7 was also raised in the Trustee's April 2002 appeal.

allow [Robert] to represent the estate in all matters other than the trial. It is true that the local rule says what it does, but the Illinois rule that says that a lawyer shall withdraw from representation applies to [Robert] here because he's a licensed attorney in Illinois.

After denying that he had failed to raise LR83.53.7 in his March 11, 2002, motion to reconsider, the Trustee responded:

> I will also make clear that if the order is modified so as to conform with the local rules of the court of which this court is a unit that I will not have to retain other counsel and will go ahead. If not, as I said before, I will not be able to prepare for trial.

In denying the motion to reconsider, the court explained:

> I don't think the local rule says that's the only disqualification appropriate under the ethical standards that exist. I simply don't think that [Robert] should be involved in this lawsuit. So the motion is denied.

After confirming the Trustee's inability to retain counsel in light of the disqualification order, the bankruptcy court dismissed the estate's adversary action for want of prosecution on August 21, 2002. The instant appeal ensued.

## STANDARD OF REVIEW

Ordinarily, appellate courts review a lower court's attorney disqualification ruling under the deferential abuse of discretion standard. Cromley v. Board of Education of Lockport Township, 17 F.3d 1059, 1063 (7th Cir. 1994). Nonetheless, "when all evidence is submitted in the form of affidavits, and when the [lower] court does not hold an evidentiary hearing or make findings of fact to which [an appellate court] must defer, '[lower] courts enjoy no particular advantage over appellate courts in their formulation of ethical norms.'" Id., quoting Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982).

4

In the instant case, the record demonstrates that the bankruptcy court did not hold an evidentiary hearing and did not issue findings of fact regarding Robert's disqualification. Accordingly, the parties agree that the proper standard of review is de novo.

## DISCUSSION

The Trustee maintains that defendants waived the disqualification issue by failing to raise it with their earlier motions to dismiss. Moreover, the Trustee argues that the bankruptcy court, (1) exceeded its authority under LR83.53.7 by disqualifying Robert from all phases of the bankruptcy proceeding, and (2) ignored the substantial hardship analysis that is required under both LR83.53.7 and Ill. R. Prof. Conduct 3.7(a).

Defendants[2] respond that: (1) the Trustee is collaterally estopped from opposing Robert's disqualification; (2) the Trustee's failure to invoke LR83.53.7 until his April 2002 appeal constitutes a waiver of that argument; and (3) there is no substantial hardship in the instant case.

To begin, the Trustee is not collaterally estopped from raising the disqualification issue. "The preclusive effect of a state court judgment in a federal case is a matter of state rather than of federal law." Brokaw v. Weaver, 305 F.3d 660, 669 (7th Cir. 2002), quoting CIGNA Healthcare of St. Louis, Inc. v. Kaiser, 294 F.3d 849, 856 (7th Cir. 2002). "Under Illinois law, collateral estoppel requires that: (1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there be a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." Kalush v. Deluxe Corp., 171 F.3d 489, 493 (7th Cir. 1999).

---

[2]The Herbst defendants initially filed a brief on their own behalf, which was adopted in its entirety by the Cogana defendants.

5

Contrary to defendants' representation, the issue before the bankruptcy court was not "identical" to the issue before the chancery court. See Defendants' Response Brief at 16 ("[R]egardless of whether the court applied the Illinois Rules, ABA Model Rules or the Northern District Local Rules, [Robert] was properly disqualified because all three state that an attorney who will be a witness must be disqualified.").

LR83.53.7[3] provides:

(a) A lawyer shall not act as an advocate <u>in a trial or evidentiary proceeding</u> if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify:

[...]

(4) ...if refusal to act as an advocate would work a substantial hardship on the client.

[...]

(c) Except as prohibited by LR83.51.7 or LR83.51.9,[4] a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness, and <u>nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation</u>. (Emphasis added.)

The text of the ABA Model Rule 3.7 of Professional Conduct ("MRPC3.7") is substantially similar to LR83.53.7 and provides:

(a) A lawyer shall not act as <u>advocate at a trial</u> in which the lawyer is likely to be a necessary witness unless:

[...]

(3) disqualification of the lawyer would work substantial hardship on the client.

---

[3]Formerly designated LR3.7. Because the relevant provisions of former LR3.7 and LR83.53.7 are identical, throughout this opinion the court will refer only to LR83.53.7.

[4]LR83.51.7 and LR83.51.9, which deal with situations where an attorney's representation of a client conflicts with the representation of other clients or former clients, are not implicated in this matter.

(b) A lawyer may act as <u>advocate in a trial</u> in which another lawyer in the lawyer's firm is likely to be called as a witness.... (Emphasis added.)

In contrast to MRPC3.7(a) and LR83.53.7(a),[5] Ill. R. Prof. Conduct 3.7(a) ("IRPC3.7(a)") states that "a lawyer shall not accept or continue <u>employment in contemplated or pending litigation</u> if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client," unless "refusal to accept or continue the employment would work a substantial hardship on the client."

The Rules of Professional Conduct adopted by this district apply to proceedings before the bankruptcy court. <u>Securities Investor Protection Corp. v. R.D. Kushnir & Co.</u>, 246 B.R. 582, 587 (N.D.Ill. 2000). <u>See also</u> Local Bankruptcy Rule 608. These rules are patterned after the comparable ABA Model Rules of Professional Conduct adopted by the ABA in 1983. LR83.50.1. The local rules are of the form LR83.5x.x where the x.x part of the local rule number is the same as the comparable ABA Model Rule. <u>Id.</u> The Rules of Professional Conduct adopted by this district govern to the extent they differ from the rules governing Illinois lawyers appearing in Illinois state courts. <u>Burrow v. Northeast Illinois Regional Commuter Railroad Corp.</u>, 2002 WL 924857, *2 (N.D.Ill. 2002).

With this background in mind, it is clear that the issue before the bankruptcy court was not identical to the issue before the chancery court. IRPC3.7(a), which was considered by the chancery court and requires disqualification in "employment in contemplated or pending

---

[5]Because the Trustee does not dispute that Robert will appear on behalf of the estate in the event that the instant dispute goes to trial, the court has focused its inquiry on those provisions of IRPC3.7 and LR83.53.7 that address circumstances in which attorneys will be testifying on behalf of their clients, rather than on behalf of another party.

litigation," is considerably broader than either LR83.53.7(a) or MRPC3.7(a), which govern the bankruptcy's court's ruling on disqualification. Quite simply, the ethical rules governing disqualification of attorneys practicing before this court are governed by the local rules of the Northern District of Illinois, not by the rules of another tribunal. Accordingly, the Trustee was not, and is not, collaterally estopped from challenging the bankruptcy court's disqualification.

As an additional preliminary matter, the court notes that neither party has waived its arguments through procedural missteps. On August 19, 2002, the Trustee raised his LR83.53.7 argument before the bankruptcy court in a "Motion to Modify Order Disqualifying Robert Thomas."[6] Thus, defendants' reliance on Retired Chicago Police Association v. City of Chicago, 76 F.3d 856, 870 (7th Cir. 1996), in which the appellant "forfeited" his argument by raising it "for the first time on appeal," is misplaced.

Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985), is also unpersuasive. In Publishers Resource, the Seventh Circuit considered a party's ability to raise new factual issues in a motion to reconsider after an adverse summary judgment motion. In holding that the factual issues had been waived, the court noted that motions to reconsider should not be employed as "a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion" or an occasion to tender new legal theories for the first time. Id., citing Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656, 665-666 (N.D.Ill. 1982).

---

[6]In that motion, the Trustee invoked Fed. R. Civ. P. 54(b) as the basis for modifying the bankruptcy court's prior disqualification order. Because Rule 54(b) does not apply to interlocutory orders, however, the court treats the Trustee's August 19, 2002, motion as a motion for reconsideration, rather than modification.

To begin, the court notes that the Publishers' court's waiver determination was not essential to its decision to affirm the trial court, since the court still considered the newly raised factual issues out of "an abundance of caution." Publishers Resource, 762 F.2d at 561. Moreover, the instant case does not involve new factual issues, but rather a legal rule which undeniably applies to the proceedings before the bankruptcy court.

The Trustee's argument that the Herbst defendants should have consolidated their motion to disqualify Robert with their earlier motions to dismiss the first amended complaint also fails. Fed. R. Civ. P. 12(g) requires a movant to consolidate only his Rule 12 motions: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted...." (Emphasis added.) Because objections regarding disqualification are not addressed within the text of Fed. R. Civ. P. 12, the court concludes that defendants did not waive their right to move for Robert's disqualification by raising it after their other Rule 12 motions.

Although there are situations in which motions to disqualify are "both legitimate and necessary," attorney disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary." Freeman, 689 F.2d at 721-722.

On its face, LR83.53.7(a) requires disqualification as an advocate in a trial or evidentiary proceeding if a lawyer knows or reasonably should know that he may be called as a witness therein on behalf of the client. Compare Ill. R. Prof. Conduct 3.7(a) ("A lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know

that the lawyer may be called as a witness on behalf of the client....") (Emphasis added.) The Committee Comment to LR83.53.7 further provides:

> The opposing party has a proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of proof.
>
> See also MRPC3.7 (Comment) (same).

The plain text of LR83.53.7(a), taken together with the committee comment, clearly contemplates that an attorney-witness will not be precluded from participating in all phases of a case, but rather only in trial and evidentiary proceedings involving the testimony of witnesses before a factfinder. Moreover, LR83.53.7(c) provides that "nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation." The caselaw decided under these provisions fully supports the plain reading of this language. See, e.g., Khoury v. Cook Associates, No. 94 C 3121, 1997 WL 567796 (N.D.Ill. Sept. 4, 1997) (holding that nothing in LR83.53.7 prevents a disqualified attorney from "researching and drafting the motions to dismiss"); Drago v. Davis, No. 96 C 2398, 1996 WL 479696 (N.D.Ill. Aug. 20, 1996) (explaining that the purpose of LR83.53.7 is to avoid confusion by the factfinder as to whether the attorney is acting as advocate or testifying on personal knowledge, and holding that "evidentiary proceeding" does not encompass pretrial discovery, such as depositions). Accordingly, the bankruptcy court erred by disqualifying Robert from participating in all phases of the litigation.

On remand, the bankruptcy judge is directed to determine whether disqualifying Robert from acting as counsel at trial or in evidentiary proceedings would work a substantial hardship on the estate, pursuant to LR83.53.7(a)(4), as well as the proper scope of Robert's participation in the

litigation. In light of the intensity with which the motion to disqualify has been prosecuted and defended, the bankruptcy court should articulate the functions that Robert is permitted to perform as attorney for the estate with particularity. In determining whether prohibiting Robert from representing the estate at trial and evidentiary proceedings would work a substantial hardship on the estate, the bankruptcy court should inquire whether the Trustee would be willing to act as attorney for the estate at any trial or evidentiary proceeding, or hire an outside attorney to do so, if Robert fronts the costs of the litigation and performs all or most of the pretrial preparation.

## CONCLUSION

The order of the bankruptcy court disqualifying Robert from representing the estate in all phases of the litigation and dismissing the adversary proceeding for want of prosecution is therefore reversed and remanded for a determination of the appropriate scope of Robert's participation, and the attendant hardship to the estate, consistent with this opinion.[7]

**ENTER:**      **March 3, 2003**

**Robert W. Gettleman**
**United States District Judge**

---

[7]Local Rule 40.5, cited by the Trustee, shall not apply to the court's remand of this action.

11